IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PULTE HOMES OF NEW MEXICO,
INC. et al.,

      Plaintiffs,

     v.                                                    Civ. No. 22-388 MV/SCY

CINCINNATI INDEMNITY COMPANY,

      Defendants.

## ORDER TO FILE MOTION

This matter is before the Court on the parties' Joint Status Report ("JSR"), filed August 5, 2022. Doc. 105. The Joint Status Report recites that counsel for Plaintiffs Pulte Homes of New Mexico, Inc. and Pulte Development New Mexico, Inc. ("Pulte") and counsel for most (but not all) Defendants met and conferred on July 25, 2022. *Id.* at 1-3. The JSR states there is an underlying Arbitration Demand filed against Pulte with the American Arbitration Association, entitled *Jeffrey & Elisabeth Moon, et al. v. Pulte Homes of New Mexico, Inc., et al.*, Case No.: 01-21-0016-2057 (the "Moon Claim"). *Id.* at 4. "Pulte seeks to recover from the Defendants costs it has incurred and will incur defending against the Moon Claim as well as any liability it incurs for the Moon Claim as an alleged additional insured under the liability policies Defendants issued by Pulte's contractors. Arbitration of the Moon Claim begins in January 2023." *Id.*

The JSR recites that "the Parties" are optimistic that this matter and the Moon Claim can be resolved at a mediation to take place in the late October to early December 2022 timeframe. *Id.* The JSR goes on to explain:

> The Defendant Insurers, however, respectfully ask the Court to stay/abate this matter to allow the Parties an opportunity to attempt resolution. In this regard, the Defendant Insurers ask the Court to set this matter for a status conference the week of December 5 or December 12, 2022, at which time the Parties can report the status of settlement efforts and to determine whether the stay should be lifted.
>
> Alternatively, the Defendant Insurers respectfully ask the Court to postpone conducting its Rule 16 management conference and entering a docket control order/scheduling order for this matter, and that the Parties be allowed until January 27, 2023 to submit their joint report with deadlines. To help facilitate a mutually agreeable resolution of this matter, the Parties have agreed to exchange initial disclosures by September 9, 2022.

*Id.* at 4-5. The JSR does not state Pulte's position on the request to stay/abate this matter or the request to postpone conducting a Rule 16 management conference.

If the Defendant Insurers' position has not changed and they continue to seek to stay/abate this matter and to postpone the Rule 16 management conference, they must file a formal motion to stay discovery and/or vacate the scheduling conference no later than August 25, 2022. The filing party or parties shall state the position taken on the Motion with respect to every party who has appeared in the case. If the Motion is unopposed, the parties shall submit a proposed order to yarbroughproposedtext@nmd.uscourts.gov. If the Motion is opposed, it must state good cause for the request. Responses and/or replies will be due according to the Local Rules.

To provide the parties the opportunity to brief this request, the Court VACATES the current scheduling conference set for Tuesday, August 16, 2022 at 11:30 am. The Court will reschedule the conference, if necessary, after August 25.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE